IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:10-cv-00439

| | |
|---|---|
| LENDINGTREE, LLC, a North Carolina limited liability company,<br><br>      Plaintiff,<br><br>    v.<br><br><br>ZILLOW, INC., a Washington corporation; NEXTAG, INC., a Delaware corporation; QUINSTREET, INC., a Delaware corporation; QUINSTREET MEDIA, INC., a Nevada corporation; ADCHEMY, INC., a Delaware corporation; and LEADPOINT, INC. D/B/A SECURERIGHTS, a Delaware corporation,<br><br>      Defendants. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LendingTree, LLC ("Plaintiff" or "LendingTree") hereby complains and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement against Zillow, Inc., NexTag, Inc., QuinStreet, Inc. and its related entity QuinStreet Media, Inc., Adchemy, Inc., and LeadPoint, Inc. d/b/a SecureRights (collectively "Defendants") under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This action is based on the infringement of U.S. Patent No. 6,385,594, entitled "*Method and Computer Network for Co-Ordinating a Loan over the Internet*," and U.S.

Patent No. 6,611,816, entitled "*Method and Computer Network for Co-Ordinating a Loan over the Internet*," both of which are owned by LendingTree. Collectively, the asserted patents cover computer hardware and software used in facilitating business between computer users and multiple lenders on the Internet.

## THE PARTIES

2.  LendingTree is a North Carolina limited liability company with its principal place of business at 11115 Rushmore Drive, Charlotte, NC 28277.

3.  On information and belief, Zillow, Inc. ("Zillow") is a Washington corporation with its principal place of business at 999 3rd Ave., Ste. 4600, Seattle, WA 98104.

4.  On information and belief, NexTag, Inc. ("NexTag") is a Delaware corporation with its principal place of business at 1300 S. El Camino Real, Ste. 600, San Mateo, CA 94402.

5.  On information and belief, QuinStreet, Inc. ("QuinStreet") is a Delaware corporation with its principal place of business at 1051 E. Hillsdale Blvd., Ste. 800, Foster City, CA 94404.

6.  On information and belief, QuinStreet Media, Inc. ("QuinStreet Media") is a Nevada corporation with its principal place of business at 5420 Kietzke Lane, Ste. 109, Reno, NV 89511. On information and belief, QuinStreet Media was formed in 2004 as a subsidiary of QuinStreet to support QuinStreet's media and content network.

7.  On information and belief, Adchemy, Inc. ("Adchemy") is a Delaware corporation with its principal place of business at 1001 E. Hillsdale Blvd., 7th Floor, Foster City, CA 94404.

8. On information and belief, LeadPoint, Inc. d/b/a SecureRights ("LeadPoint") is a Delaware corporation with its principal place of business at 11661 San Vicente Blvd., Ste. 600, Los Angeles, CA 90049.

## JURISDICTION AND VENUE

9. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over each of the Defendants consistent with the requirements of North Carolina General Statute § 1-75.4 and the Due Process Clause of the United States Constitution.

11. On information and belief, Defendants are subject to personal jurisdiction in the Western District of North Carolina because, among other things, each Defendant has: (a) contracted with borrowers in this District to supply them with services; (b) generated income through Internet contacts with borrowers in this District; and (c) purposefully directed one or more websites at borrowers in this District. LendingTree's claims for patent infringement in this action arise out of Defendants' continuous and systematic contacts in this District.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## FACTUAL ALLEGATIONS

### The Asserted Patents

13. Comparison shopping for a loan in the 1990s was a daunting task. Although difficult to comprehend in today's Internet-enabled era, at the time of the invention of the system described in the asserted patents, there was no way for a prospective borrower to know that he/she was receiving the most competitive rate, short of filling out separate applications with

3

multiple lending institutions. Most borrowers had neither the time nor the inclination to do so, and ended up with a loan at the rate offered by whatever lending institution they found first, not necessarily the most competitive rate in the marketplace.

14. Having experienced this process, Mr. Doug Lebda contemplated a better system for securing a competitive loan. He wanted to create a marketplace where lenders would compete for a borrower's business, based on the individual borrower's data. This marketplace would not only benefit the borrower, but would also benefit a lender by providing a pool of borrowers that met that lender's criteria. Mr. Lebda worked with Mr. Rick Stiegler to put this dynamic marketplace into practice.

15. When it launched, the LendingTree invention changed the home mortgage industry forever. The benefits were enormous to borrowers and lending institutions alike. Today, a prospective borrower can submit a single form that is then transmitted to multiple lenders. Each lender receives information only from borrowers that meet its criteria. The lenders then tailor their best offers to the borrower's information, competing for the borrower's business. The borrower benefits from the competition, and the lenders benefit from receiving a pre-screened pool of potential customers.

16. The LendingTree invention has proved successful in the lending market. LendingTree has facilitated billions of dollars in loans for millions of borrowers.

17. Messrs. Lebda and Stiegler protected their invention by filing a patent application with the United States Patent and Trademark Office ("PTO") on May 8, 1998, which issued as U.S. Patent No. 6,385,594. They filed a continuation application, entitled to the May 8, 1998 priority date, which issued as U.S. Patent No. 6,611,816.

18. LendingTree owns all rights, title and interest in these patents, including the exclusive rights to bring suit with respect to any past, present or future infringement thereof.

19. U.S. Patent No. 6,385,594 ("the '594 patent"), entitled *Method and Computer Network for Co-Ordinating a Loan over the Internet*," issued on May 7, 2002 from a patent application filed May 8, 1998. The '594 patent names Douglas Lebda and Richard Stiegler as the inventors. Among other things, the '594 patent claims a method of coordinating electronic credit qualification forms between a computer user and various lending institutions via the Internet, and a computer readable medium containing instructions for how to coordinate electronic credit qualification forms between a computer user and various lending institutions via the Internet. A true and correct copy of the '594 patent is attached hereto as Exhibit 1.

20. The '594 patent is valid and enforceable.

21. LendingTree has complied with the requirements of 35 U.S.C. § 287(a) by marking its websites with the '594 patent.

22. U.S. Patent No. 6,611,816 ("the '816 patent"), entitled *Method and Computer Network for Co-Ordinating a Loan over the Internet*," issued on August 26, 2003 from a patent application filed February 22, 2002. The '816 patent names Douglas Lebda and Richard Stiegler as the inventors. Among other things, the '816 patent claims a method of coordinating electronic credit qualification forms between a computer user and various lending institutions via the Internet, and a computer readable medium containing instructions for how to coordinate electronic credit qualification forms between a computer user and various lending institutions via the Internet. A true and correct copy of the '816 patent is attached hereto as Exhibit 2.

23. The '816 patent is valid and enforceable.

24. LendingTree has complied with the requirements of 35 U.S.C. § 287(a) by marking its websites with the '816 patent.

25. Pursuant to 35 U.S.C. § 287(a), Defendants have actual notice of the asserted patents and the infringement alleged herein at least by the time of the filing of this complaint. On information and belief, Zillow and NexTag had actual notice of the infringement alleged herein prior to the filing of this complaint.

## The Accused Systems and Methods

26. On information and belief, Zillow operates a "Mortgage Marketplace," available at [http://www.zillow.com](http://www.zillow.com), that matches Internet borrowers with mortgage lenders. Zillow's website allows an Internet borrower to enter data regarding the type of loan he/she is requesting, the loan amount, the location of the property, and the borrower's credit score, income and expenses. Zillow's website, using the data entered by the borrower, automatically matches the borrower with lenders so that lenders may respond with loan quotes. On information and belief, Zillow transmits the borrower's data to one or more matching lenders. The Zillow website displays the matching lenders and quotes to the borrower, who may then select one or more matching lenders and, among other things, request pre-approval for a loan.

27. On information and belief, NexTag operated a website ([http://www.nextag.com](http://www.nextag.com)) that matched Internet borrowers with mortgage lenders. NexTag's website allowed an Internet borrower to enter data regarding the type of loan he/she was requesting, the loan amount, the property value, the location of the property, and the borrower's credit rating, income, expenses, employment, and, optionally, social security number. NexTag's website, using the data entered by the borrower, automatically matched the borrower with up to five lenders. On information and belief, NexTag transmitted the borrower's data to one or more matching lenders. The

6

NexTag website automatically displayed the matching lenders to the borrower and informed the borrower that he/she would be contacted within forty-eight business hours.

28. On information and belief, QuinStreet controls the operation of websites (http://www.guidetolenders.com and http://www.hsh.com) (collectively "the QuinStreet websites") that match Internet borrowers with mortgage lenders. On information and belief, QuinStreet Media owns and operates the QuinStreet websites. The QuinStreet websites allow an Internet borrower to enter data regarding the type of loan he/she is requesting, the loan amount, the location of the property, and the borrower's credit rating and contact information. The QuinStreet websites, using the data entered by the borrower, automatically match the borrower with up to four lenders. On information and belief, the QuinStreet websites transmit the borrower's data to one or more matching lenders. The QuinStreet websites display the matching lenders and their contact information and inform the borrower that he/she may be contacted within twenty-four hours.

29. On information and belief, Adchemy operates a website (http://www.ratemarketplace.com) that matches Internet borrowers with mortgage lenders. Adchemy's website allows an Internet borrower to enter data regarding the type of loan he/she is requesting, the loan amount, the property value, the location of the property, and the borrower's credit rating, income, employment status, and contact information. Adchemy's website, using the data entered by the borrower, automatically matches the borrower with up to four lenders. On information and belief, Adchemy transmits the borrower's data to one or more matching lenders. The Adchemy website displays the matching lenders to the borrower and informs the borrower that he/she may be contacted by the lenders via telephone, email, or mail.

7

30. On information and belief, LeadPoint operates a lender matching system, under its "SecureRights" brand, that matches Internet borrowers with multiple lenders. LeadPoint receives requests submitted by Internet borrowers to companies that operate customer-facing websites (*e.g.*, https://www.equifax.com/consumer/mortgage-home/en_mm, http://bankrateselect.securerights.org, http://www.interest-onlyloans.com/request_quote.html, http://loan4less.net/, http://www.localloansource.com/, http://www.nowrefi.com/prequalify.htm, http://www.lending-plus.com/, http://www.citylightfinancial.com/free-quote.php, http://www.mortgagemath.com/mortgage_lp_interm.html). An Internet borrower accesses one of these websites and enters data regarding the type of loan he/she is requesting, the loan amount, the property value, the location of the property, and the borrower's credit rating and contact information. On information and belief, the data entered by the Internet borrower is posted to LeadPoint's lender matching system in real-time. Using the data entered by the borrower, LeadPoint automatically matches the borrower with up to four lenders. On information and belief, LeadPoint transmits the borrower's data to one or more matching lenders. The partner websites display the matching lenders to the borrower and inform the borrower that he/she may be contacted within twenty-four hours.

## COUNT ONE - INFRINGEMENT OF THE '594 PATENT

**(Against Zillow)**

31. LendingTree incorporates by reference the allegations set forth in paragraphs 1 through 30 above as if specifically set forth herein.

32. Zillow has been and is directly infringing one or more claims of the '594 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. Zillow's infringing activities include, but are not limited to making, using, selling, and/or offering for sale

in the United States computer-implemented systems and methods, as described in paragraph 26, that practice or embody the inventions disclosed in the '594 patent.

33. As a consequence of Zillow's infringement, LendingTree has been harmed and is entitled to recover damages adequate to compensate it for the injuries complained of herein, including lost profits, but in no event less than a reasonable royalty. LendingTree is further entitled to have Zillow enjoined from committing additional acts of infringement, which constitute a willful violation of LendingTree's rights, and which would subject LendingTree to irreparable harm.

34. Zillow has had actual knowledge of the '594 patent since at least November 2008. In November 2008, Mr. Doug Lebda spoke with Mr. Richard Barton, Chairman and CEO of Zillow, and offered Zillow a license to the '594 patent. Instead of taking a license to the '594 patent, Zillow opted to continue its willful, deliberate, and intentional infringement of one or more claims of the '594 patent.

## COUNT TWO - INFRINGEMENT OF THE '816 PATENT
### (Against All Defendants)

35. LendingTree incorporates by reference the allegations set forth in paragraphs 1 through 30 above as if specifically set forth herein.

36. Defendants have infringed one or more claims of the '816 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. Defendants' infringing activities include, but are not limited to making, using, selling, and/or offering for sale in the United States computer-implemented systems and methods, as described in paragraphs 26 through 30, that practice or embody the inventions disclosed in the '816 patent. With regard to Zillow, QuinStreet, QuinStreet Media, Adchemy, and LeadPoint, the infringement remains

9
Case 3:10-cv-00439-FDW -DCK   Document 14   Filed 09/24/10   Page 9 of 13

ongoing. On information and belief, NexTag discontinued its computer-implemented system and method for matching borrowers with mortgage lenders on or around August 20, 2010.

37. As a consequence of Defendants' infringement, LendingTree has been harmed and is entitled to recover damages adequate to compensate it for the injuries complained of herein, including lost profits, but in no event less than a reasonable royalty. LendingTree is further entitled to have Zillow, QuinStreet, QuinStreet Media, Adchemy, and LeadPoint enjoined from committing additional acts of infringement, which constitute a willful violation of LendingTree's rights, and which would subject LendingTree to irreparable harm.

38. Zillow has had actual knowledge of the '816 patent since at least November 2008. In November 2008, Mr. Doug Lebda spoke with Mr. Richard Barton, Chairman and CEO of Zillow, and offered Zillow a license to the '816 patent. Instead of taking a license to the '816 patent, Zillow opted to continue its willful, deliberate, and intentional infringement of one or more claims of the '816 patent.

39. NexTag has had actual knowledge of the '816 patent since at least October 2005. In October 2005, Mr. Doug Lebda wrote to Mr. Greg Wharton, Vice President and General Counsel of NexTag, and offered NexTag a license to the '816 patent. Instead of taking a license to the '816 patent, NexTag opted to continue its willful, deliberate and intentional infringement of one or more claims of the '816 patent.

## **PRAYER FOR RELIEF**

Wherefore, LendingTree respectfully requests that this Court:

A. Enter judgment that Zillow has infringed one or more claims of the '594 patent;

B. Enter judgment that Defendants have infringed one or more claims of the '816 patent;

C. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Zillow, QuinStreet, QuinStreet Media, Adchemy, LeadPoint, and all of their respective agents, servants, officers, directors, employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement of the non-expired '594 and '816 patents;

D. Enter an order, pursuant to 35 U.S.C. § 284, that Defendants account for and pay to LendingTree the damages to which LendingTree is entitled as a consequence of the infringement of the '594 and '816 patents, in an amount to be determined at trial, including lost profits, but in no event less than a reasonable royalty;

E. Enter an order, pursuant to 35 U.S.C. § 284, trebling damages awarded to LendingTree to the extent Defendants' infringement is determined to have been willful;

F. Enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and therefore awarding to LendingTree its reasonable attorneys' fees, costs and expenses;

G. Enter an order awarding to LendingTree pre- and post-judgment interest at the maximum rates allowable under the law; and

H. Enter an order awarding to LendingTree such other and further relief, whether at law or in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

LendingTree demands a jury trial on all issues so triable.

Dated: September 24, 2010                                         Respectfully submitted,

McGUIREWOODS LLP

s/Corby C. Anderson
Corby C. Anderson
North Carolina Bar No. 20829
Steven N. Baker
North Carolina Bar No. 36607
100 North Tryon Street, Suite 2900
Charlotte, NC  28202-4011
Tel:  (704) 343-2225
Fax:  (704) 373-8935
Email:  canderson@mcguirewoods.com
          sbaker@mcguirewoods.com

*Admitted Pro Hac Vice*

COVINGTON & BURLING LLP
Robert D. Fram
Winslow B. Taub
One Front Street
San Francisco, CA  94111
Tel:  (415) 591-6000
Fax:(415) 591-6091
Email:  rfram@cov.com
          wtaub@cov.com

*Attorneys for LendingTree, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing First Amended Complaint For Patent Infringement upon the below listed parties by placing a copy thereof in the United States mail with adequate postage thereon and addressed as follows:

| | |
|---|---|
| NEXTAG, INC.,<br>c/o James Alan Moore, Registered Agent,<br>1300 S. El Camino Real, Ste 600<br>San Mateo, CA 94402 | ADCHEMY, INC.<br>c/o Rahoul Seth, Registered Agent<br>1001 E. Hillsdale Blvd, 7th Floor<br>Foster City, CA 94404 |
| QUINSTREET MEDIA, INC.<br>c/o Douglas Valenti, Registered Agent<br>1051 East Hillsdale Blvd, 8th Floor<br>Foster City, CA 94404 | QUINSTREET, INC.<br>c/o Douglas Valenti, Registered Agent<br>1051 East Hillsdale Blvd<br>Foster City, CA 94404 |
| ZILLOW, INC.<br>c/o National Registered Agents Inc.<br>1780 Barnes Blvd SW # G<br>Tumwater, WA 958120410 | |

This 24th day of September, 2010.

s/Corby C. Anderson
Corby C. Anderson
N.C. State Bar No. 20829
McGUIREWOODS LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-4011
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
CAnderson@mcguirewoods.com

*Attorneys for the Plaintiff*
*LendingTree, LLC*