**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:10-cv-439**

| | |
|---|---|
| **LENDINGTREE, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CLAIM CONSTRUCTION** |
| vs. ) | **SCHEDULING** |
| ) | **ORDER** |
| **ZILLOW, INC., et al.,** ) | |
| ) | |
| **Defendant.** ) | |

THIS MATTER, upon assignment to the Honorable Frank D. Whitney, and following conference of counsel pursuant to Local Civil Rule 16.1(A) and Proposed Local Patent Rule 2.1,[1] shall be governed by the following Claim Construction Scheduling Order entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. This Order is intended to supplement, not supplant, the Court's previously entered Initial Scheduling Order.

| DEADLINES | |
|---|---|
| Serve Initial Infringement Contentions | February 23, 2011 |
| Serve Initial Invalidity Contentions | April 25, 2011 |
| Exchange of Terms for Construction | May 16, 2011 |
| Exchange Preliminary Claim Construction | June 6, 2011 |
| File Joint Claim Construction Statement | July 5, 2011 |
| Close of Claim Construction Discovery | August 4, 2011 |
| File Opening Claim Construction Brief | August 18, 2011 |
| File Responsive Claim Construction Brief | September 1, 2011 |
| File Reply Claim Construction Brief | September 8, 2011 |
| File Surreply Claim Construction Brief | September 15, 2011 |
| File Claim Construction Chart | September 22, 2011 |
| Claim Construction Hearing | Week of October 3-7, 2011 |

---

[1] The U.S. District Court for the Western District of North Carolina has drafted Local Patent Rules, which are currently undergoing a comment period until February 1, 2011. In anticipation that these Rules will be formally adopted and upon request by the parties, the Court has opted to apply the proposed Local Patent Rules to this case. The Court will amend this scheduling order should any changes be necessary after the comment period has ended and the Rules have been formally adopted. Otherwise, the parties should proceed under the Local Patent Rules as currently drafted without modification. In accordance with these Rules, the Court enters this initial claim construction scheduling order. A pretrial order and case management plan will be entered following the Claim Construction Hearing, which will include specific deadlines for the close of fact discovery, expert reports, mediation, dispositive motions, and a trial date. This order includes only placeholder dates for those deadlines that will occur following the Claim Construction Order.

1.  **DISCOVERY**

    a.  **Track Assignment.** This case is assigned to the **patent** case management track.

    b.  **Deadline for Completion of All Discovery; Extensions.** The deadline for claim construction discovery is **August 4, 2011.** Fact discovery shall be commenced or served in time to be completed **180 days following the entry of the Pretrial and Case Management Order, which will be entered following the Claim Construction Hearing**. Pursuant to Rule 29, the Court preauthorizes the parties to stipulate to the taking of discovery beyond the discovery completion deadline provided that any such extension expires not later than fourteen (14) calendar days prior to the scheduled trial term <u>and</u> a joint stipulation memorializing the extension is filed on the record.[2] Otherwise, discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by Order of the Court for good cause shown. If a party moves for an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

    c.  **Discovery Guidelines.** Each party may propound no more than **30** interrogatories to any other party; each party may serve no more than **30** requests for production on any other party; each party may submit no more than **30** requests for admission to any other party; and each party may conduct no more than **50 hours** of oral

---

[2] Stipulated extensions of the deadline for completion of all discovery will not alter the dates and deadlines for filing, briefing, and hearing dispositive motions, nor do they provide grounds for a continuance of a trial setting.

depositions.[3] Parties may, by agreement, increase the numbers set forth above or, if unable to agree, may seek Court intervention where good cause exists.

 d. **Disclosures and Supplementation.** The parties have already exchanged initial pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Supplementation of disclosures under Rule 26(e) shall be served at such times and under such circumstances as required by that rule. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a Rule 26(e) supplement made sufficiently in advance of the discovery deadline to put opposing counsel in a realistic position to make strategic judgments about whether to pursue follow-up discovery concerning the witness or exhibit disclosed. A party that fails to comply in good faith with this requirement may be subject to appropriate sanctions pursuant to Fed. R. Civ. P. 37(c)(1).

 e. **Expert Reports.** Opening Expert Reports from retained experts under Rule 26(a)(2) shall be due no later than **225 days following the entry of the Pretrial and Case Management Order,** and Rebuttal Expert Reports shall be due no later than **255 days following the entry of the Pretrial and Case Management Order.** Close of Expert Discovery is **270 days following the entry of the Pretrial and Case Management Order**.

 f. **Responses to Interrogatories and Requests for Admission.** Every response to an

---

[3] This provision does not supersede the requirements of Rule 30(d)(2) (limiting oral deposition of any given witness to one day of seven hours) but only provides a mechanism for capping the total amount of depositions a party may take. Only time on the record shall be counted against this limit, and time will be assessed against the party whose counsel is questioning the witness, irrespective of which party noticed the deposition.

interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

g. **The Maintenance of Discovery Materials.** Discovery materials are <u>not</u> to be filed unless used to support or oppose a motion. All counsel are advised to consult Local Civil Rule 26.2, which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed except upon Order of the Court. The parties are solely responsible for the preservation of any and all discovery materials they may generate.

h. **Protective Orders; Filings Under Seal.**[4] Consistent with Proposed Local Patent Rule 2.2 and in order to avoid unnecessary delay in responding to discovery requests, the Court has adopted a standing protective order that is applicable to each case before the undersigned, subject to supplementation, modification, or vacatur, as the need may arise, upon motion of a party. See Standing Protective Order for Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 3). Even with a protective order governing confidential documents in place, however, Court filings may be kept under seal only upon written motion of a party satisfying the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180-81 (4th Cir. 1988) and Local Civil Rule 6.1. Specifically, any motion to seal shall set forth: (i) a non-confidential description of the material sought to be sealed; (ii) a statement of reasons sufficient to overcome the public's

---

[4] The Court is aware of the pending motion for a protective order submitted by Plaintiff. (Doc. No. 73).

presumptive right of access; (iii) a statement as to why sealing is necessary (*i.e.*, why there are no adequate alternatives to filing under seal); (iv) a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (v) supporting statutes, case law, or other authority.

    **i.** **Motions to Compel.** Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this, the parties are required, within fourteen (14) calendar days after a discovery dispute arises,[5] to schedule and submit to an informal telephonic conference before the referral magistrate judge (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii) require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) award appropriate sanctions pursuant to Rule 37.

**2. ALTERNATIVE DISPUTE RESOLUTION**

    a. **Method of ADR**. The method of ADR required to be utilized in this case is **mediated settlement conference**.

---

[5] This time limitation may only be extended with leave of Court for good cause shown, and failure to timely submit to this procedure will result in the objection being deemed waived.

    b.    **ADR Deadline**. The deadline for completing ADR and filing a report on the results is **285 days following the entry of the Pretrial and Case Management Order**.

    c.    **Settlement Procedures.** If at any time a settlement is reached it shall be reported immediately to the Court, in writing, together with a realistic target date by which the parties can have a formal stipulation of dismissal filed. Upon notification of settlement, the Court will enter an Order nominally dismissing the case without prejudice to the right of any party to reopen it should the settlement not be consummated as contemplated.

3. **MOTIONS**

    a.    **Motions Deadlines.** Any motion for leave to join additional parties or otherwise to amend the pleadings shall be filed by **March 21, 2011**.[6] Opening claim construction briefs shall be filed no later than **August 18, 2011**, and responsive claim construction briefs shall be filed on or before **September 1, 2011**. Replies to claim construction briefs should be filed on or before **September 8, 2011**, and surreplies should be filed on or before **September 15, 2011**. Parties should file a claim construction chart per the Proposed Local Patent Rules by **September 22, 2011.** A claim construction hearing will take place during the **week of October 3-7, 2011**. All other dispositive and other pretrial motions except for motions to continue and motions *in limine* shall be filed no later than **320 days following the entry of the Pretrial and Case Management Order**. Parties may not extend these deadlines by

---

[6] A motion to amend the pleadings made after this deadline is, in effect, a motion to amend this scheduling order, and party seeking to do so will have the burden of satisfying not only Rule 15's "justice so requires" standard but also Rule 16(b)'s "good cause" standard.

agreement and stipulated extensions of the deadline for completion of all discovery will not alter the motions deadline.

b. **Proposed Form of Order.** All pretrial motions other than motions made pursuant to Rules 12(b), 12(c), 23, 56, or 65(a) of the Federal Rules of Civil Procedure shall be accompanied at the time of filing with a proposed form of order stating the requested relief.  <u>Proposed orders shall be submitted to Chambers electronically, in WordPerfect (WPD) or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF.</u>

c. **Memoranda of Law; Requirements and Deadlines.** All relevant portions of the Court's Initial Scheduling Order remain in full force and effect unless noted otherwise in this Scheduling Order or the Local Patent Rules. The Court also sets the following new word limits:

   i. Unless <u>prior</u> permission has been granted, memoranda of law in support of or in opposition to any discovery or evidentiary motion shall not exceed **3,000** words, and reply memoranda will not be permitted in discovery or evidentiary disputes.

   ii. Unless <u>prior</u> permission has been granted, opening and responsive claim construction briefs, and memoranda of law in support of or in opposition to any dispositive motion shall not exceed **9,000** words. Reply memoranda shall not exceed **3,000** words.

d. **Exhibits.** A copy of all exhibits upon which a party relies in support of or in opposition to a motion shall be included as an "Appendix" or "Attachment" thereto and filed with the Court. If a party's exhibits aggregate to 25 or more pages, a

courtesy copy of the exhibits (bound, indexed, and tabbed for ease of reference) shall be mailed or hand delivered to Chambers as soon as practicable after filing.[7] The Chambers address is: 195 Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.

    **e.**   **Hearings.**

        i.   <u>Scheduling</u>. Counsel should expect that the calendaring of dispositive motions for hearing will be the general rule, not the exception, as an accommodation for the Court's strict page limits. In this case, oral arguments on dispositive motions will be held at a time to be noticed by the Court, unless, upon reviewing the briefs, the Court in its discretion deems oral argument unnecessary. The Court will identify a designed week to hold a dispositive motions hearing in its Pretrial and Case Management Order, which will be issued after the Claim Construction Hearing. At that time, Deputy Clerk Candace Cochran (Tel: 704.350.7402) will assist the Court and counsel in setting a specific time and date and should be counsel's point of contact for that purpose.

        ii.   <u>Procedure</u>. Oral arguments shall be limited to fifteen (15) minutes per side, but may be extended at the discretion of the presiding district judge. After arguments are heard and before a ruling is issued, the parties will be provided an opportunity to discuss settlement. Accordingly, counsel are directed to have their clients or representatives with settlement authority either present

---

[7] Exhibits that are under seal should be included in the exhibit notebook but should be clearly distinguishable from the non-sealed exhibits (*e.g.*, reproduced onto colored paper).

in the courtroom or readily available by telephone at the time of hearing. Counsel are advised that the Court may elect to issue an immediate decision on the record in open court in lieu of a written order, and/or request the prevailing party to prepare a written draft order memorializing the Court's decision.

4. **PRETRIAL AND TRIAL PROCEDURES**

   a. **Trial.** This case shall be tried **with** a jury. Counsel should be prepared to proceed to trial at the first available mixed term of court commencing approximately **420 days following the entry of the Pretrial and Case Management Order**. The Court will identify a designed week for trial in its Pretrial and Case Management Order, which will be issued after the Claim Construction Hearing. Trial is anticipated to last **10-15 days**.

   b. **Final Pretrial Conference.** A final pretrial conference shall be set at a date and time to be noticed by the Court. The Court will identify a designed week for a pretrial conference in its Pretrial and Case Management Order, which will be issued after the Claim Construction Hearing. On or before the date of the final pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

   c. **Pretrial Submissions.** The Court requires the following pretrial submissions to be <u>jointly</u> drafted and submitted to Chambers at least seven (7) calendar days <u>prior</u> to the final pretrial conference:

   i. <u>Proposed Pretrial Order</u>. This document shall contain:

   (1) A joint statement of the case, the purpose of which is to acquaint the

9

jury with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page.

(2) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

(3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |

| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

      (5)    Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

      (6)    A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

      (7)    A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

  ii.    <u>Proposed Voir Dire</u>. The general procedures governing voir dire is set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5). In addition to the Court's standard voir dire, counsel may prepare and jointly submit a single compilation of voir dire questions sought to be asked, also noting the agreement or objection of other parties to each proposed question. Pursuant to Rule 47(a), the Court will ask

prospective jurors only such of the proposed voir dire as it deems proper.

    iii.    <u>Proposed Jury Instructions</u>.  The general procedures governing jury instruction are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5).  Any objections to, or requests for modification or supplementation of, the Court's pattern jury instructions must be made at this time or may be deemed waived.  In addition to the Court's generally-applicable pattern jury instructions, counsel should prepare and jointly submit a single compilation of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (*e.g.*, the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by Rule 51.  Counsel shall identify and index each proposed instruction by number and heading, and support each proposed instruction with adequate legal authority.  Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction.

    iv.    <u>Exhibit Notebooks.</u> Copies of all proffered documentary exhibits (including designated portions of discovery materials), properly bound, identified, indexed, and tabbed.[8]  In addition, if counsel proposes to publish exhibits electronically through the multimedia technology available in the courtroom,

---

[8] The Court requests one copy of a complete exhibit notebook.

counsel shall submit to Chambers a CD-ROM containing the pertinent files (in JPEG or PDF format for documents and images and MPEG format for audio/video), named according to the corresponding exhibit number assigned to the exhibit in the proposed pretrial order. These exhibit notebooks and CD-ROMs are to be courtesy copies for the Court's personal use at trial. <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>

All working drafts of documents (*e.g.*, the proposed pretrial order, voir dire, jury instructions) shall be submitted to Chambers electronically, in either WordPerfect (WPD) or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF. Submissions required to be made in a tangible medium (*e.g.*, hard copies of papers and exhibits) must be sent so as ensure their receipt in Chambers by the deadlines set forth herein.

d. **Motions *in limine* and Trial Briefs.** To the extent that contested issues of law and evidentiary objections can be anticipated in advance of trial, trial briefs and/or motions *in limine*, if appropriate, shall be filed on the Monday prior to the first day of the trial term during which the case has been calendared. Written responses shall be due on the Thursday prior to the first day of the trial term. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii).

e. **Video Depositions.** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial

will result in objections being deemed to be waived.

f. ***De Bene Esse* Depositions.** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(3) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist which would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

g. **Trial Subpoenas.** Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

h. **Assessment of Jury Costs.** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and *per diem* fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date

on which the action is schedule for trial or the parties establish good cause why the Court should not assess jury costs against them. When any civil trial is settled at trial in advance of a verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

IT IS SO ORDERED.

Signed: January 24, 2011

Frank D. Whitney
United States District Judge