UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-439

| | |
|---|---|
| LENDINGTREE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JOINT AGREEMENT |
| ) | ON DISCOVERY |
| ZILLOW, INC., et al., ) | |
| ) | |
| Defendant. ) | |

Pursuant to Fed. R. Civ. P. 26(f) and the Standing Order on Protocol for Discovery of Electronically Stored Information in Civil Cases Before the Honorable Frank D. Whitney, the parties jointly propose and agree to the following limitations on discovery:

1. <u>Expert Communications</u>. The parties agree to application of Federal Rule of Civil Procedure 26 as amended December 1, 2010 with respect to the discoverability of expert communications and materials, notwithstanding the fact that this case was filed before December 1, 2010.

2. <u>Privilege Logs</u>. The parties agree to log privileged and/or work product documents by category instead of logging individual documents. See Fed. R. Civ. P. 26 Committee Note (1993). However, if any category of documents is challenged, a list of privileged and/or work product documents will be provided for that category. Privileged and/or work product documents that were created as part of Plaintiff's pre-filing investigation do not need to be logged, nor are the parties required to log correspondence with litigation counsel in previous cases or work product related to previous cases. Privileged and/or work product documents created by any party or their attorneys after the filing of the original complaint in this action also do not need to be logged. Nothing in this provision affects or changes a party's

ability to challenge any party's right to withhold any document based on attorney-client privilege and/or work product protections.

3. <u>Service by Email</u>. The parties agree that documents that are served on other parties, but are not filed with the Court, may be served by email.

4. <u>Electronically Stored Information ("ESI") and Format of Production</u>. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), the parties identify the following accessible and inaccessible ESI:

(a) *Accessible ESI*

Reasonably accessible sources of ESI include electronic documents stored on computer networks, hard drives, shared network drives, workstation or laptop hard drives, and portable drives/media, including external hard drives, zip drives, CD-ROM and DVD disks, and USB Flash Drives/JumpDrives. Additionally, although searches of complete network storage facilities are unreasonable, targeted collections of specific network locations that may contain relevant data to be reviewed for responsive data are reasonable, and each party will conduct a reasonably diligent search of those specific network locations in which it has reason to believe ESI responsive to discovery requests may be found.

Plaintiff and each Defendant agree to meet and confer in good faith to develop a list of relevant keywords, search strings or other search methodologies to use for the purposes of searching and identifying reasonably accessible ESI. The parties further agree to meet and confer in good faith to identify reasonable date restrictions and a reasonable universe of custodians from whom relevant ESI will be collected. Plaintiff and each Defendant shall then conduct a reasonably diligent search of those reasonably accessible sources identified by the key custodians to likely include relevant ESI responsive to discovery requests. The parties anticipate that some limits on the terms of email discovery may be necessary in a case of this size and

ability to challenge any party's right to withhold any document based on attorney-client privilege and/or work product protections.

3. <u>Service by Email</u>. The parties agree that documents that are served on other parties, but are not filed with the Court, may be served by email.

4. <u>Electronically Stored Information ("ESI") and Format of Production</u>. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), the parties identify the following accessible and inaccessible ESI:

(a) *Accessible ESI*

Reasonably accessible sources of ESI include electronic documents stored on computer networks, hard drives, shared network drives, workstation or laptop hard drives, and portable drives/media, including external hard drives, zip drives, CD-ROM and DVD disks, and USB Flash Drives/JumpDrives. Additionally, although searches of complete network storage facilities are unreasonable, targeted collections of specific network locations that may contain relevant data to be reviewed for responsive data are reasonable, and each party will conduct a reasonably diligent search of those specific network locations in which it has reason to believe ESI responsive to discovery requests may be found.

Plaintiff and each Defendant agree to meet and confer in good faith to develop a list of relevant keywords, search strings or other search methodologies to use for the purposes of searching and identifying reasonably accessible ESI. The parties further agree to meet and confer in good faith to identify reasonable date restrictions and a reasonable universe of custodians from whom relevant ESI will be collected. Plaintiff and each Defendant shall then conduct a reasonably diligent search of those reasonably accessible sources identified by the key custodians to likely include relevant ESI responsive to discovery requests. The parties anticipate that some limits on the terms of email discovery may be necessary in a case of this size and

complexity. Without waiving any rights, the parties agree to confer in good faith concerning the terms of email discovery (to the extent such discovery will need to be handled differently than other ESI) before involving the Court. If, after conferring in good faith, the parties cannot agree on the terms of email discovery, then they agree to jointly present their alternative positions to the Court in simultaneous submissions limited to 5 pages for each party (not including declarations or other attachments). For purposes of this provision, Defendants collectively shall constitute a "party."

(b) *Inaccessible ESI*

Backup Tapes. Plaintiff and each Defendant agree that backup tapes are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B) and need not be searched and produced in this litigation. Each party retains the right to request additional information about specific ESI, including sources of ESI previously identified as not reasonably accessible, if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached. The parties are further entitled to revisit the scope and format of document production at a later date should any problem arise.

Plaintiff and each Defendant agree that backup tapes need not be preserved indefinitely during the pendency of this litigation. All backup tapes may be recycled or overwritten in compliance with each party's regular document retention policies and practices. The parties expressly agree that the recycling and/or overwriting of backup tapes do not constitute destruction of evidence. Each party waives its right to seek sanctions from the opposing party

for any recycling and/or overwriting of backup tapes.

Other Inaccessible ESI: Plaintiff and each Defendant agree that the following types of data are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B) and need not be searched and produced in this litigation: (1) voicemail; (2) instant messaging; and (3) data stored on handheld PDA-type devices.

(c) *Production Format and Cost-Shifting*

The parties further agree that documents maintained in electronic form in a party's ordinary course of business shall be produced in electronic form (e.g., in .tif or .pdf format on a CD-ROM, USB hard drive, or via FTP with a load file in Summation, Concordance, or any other COTS document management product reasonably requested), except as otherwise provided for herein. The load file shall include the following metadata fields, if reasonably available:

- (i). Custodian (Name of custodian or source from which file is being produced);
- (ii). Author (Author of file from properties);
- (iii). Doc Title (Title of file from properties);
- (iv). Doc Subject (Subject of file from properties);
- (v). Last Modified Date (Date the file was last modified);
- (vi). Last Saved By (Name of user who last saved the file);
- (vii). Created Time (Time the file);
- (viii). Last Modified Date (Date the file was last modified);
- (ix). File Ext (Extension for the file);
- (x). MD5 Hash (or equivalent);
- (xi). Body Text (Extracted text);

(xii). Bates Begin (Beginning Production Number);

(xiii).Bates End (End Production Number);

(xiv) File Name (Name of the file);

(xv). Attach Begin (Beginning Attachment Range Number);

(xvi). Attach End (Ending Attachment Range Number, i.e., parentage is maintained).

(xvii). To;

(xviii). From;

(xiv). Cc;

(xv). Bcc; or

(xvi). Date sent

If text cannot be extracted from a document, the producing party shall instead provide Optical Character Recognition (OCR) text in the load file. The parties may, however, produce certain documents in native format, such as Excel spreadsheets, that do not produce well as .tif or .pdf images. Additionally, if a party believes that color is important to understand a particular document, a party may request that the document be produced in color. The requesting party and the producing party will negotiate in good faith regarding the requesting party's need for such production. If the receiving party believes that a specific application is necessary to view and/or understand a document, that party may request the producing party to produce that application. The requesting party and the producing party will negotiate in good faith regarding the requesting party's need for the production of such applications. To the extent that any party requests additional documents that fall under the category of inaccessible ESI, the costs of the collection and production will shift to the requesting party. Documents that are not maintained

in electronic form in a party's ordinary course of business and are not scanned into electronic form prior to the date of production may be produced in the same manner in which they are maintained (e.g., hard copies).  Source code and register transfer language (RTL) code will be produced or made available for inspection in accordance with the provisions of the Stipulated Protective Order to be entered in this matter.

In any situations where the production of .tif or .pdf images is economically or technically unreasonable or not practical due to the volume of ESI requested and identified as responsive or technical difficulties associated with converting the ESI to .tif or .pdf, the parties agree to meet-and-confer in good faith regarding whether an alternative form of production, such as native format, is necessary or appropriate under the particular circumstances.

5. Production of Plaintiff's Documents.  When Plaintiff produces documents in response to a particular Defendant's requests for production, Plaintiff shall produce copies of such documents to each Defendant in this case, unless a particular Defendant notifies Plaintiff that such Defendant does not wish to receive copies of Plaintiff's documents.  Plaintiff will produce the documents with load files specified by Defendants in advance of production.

6. Production of Each Defendant's Documents.  When any one Defendant produces documents in response to Plaintiff's requests for production directed to that Defendant, such Defendant shall not produce copies of such Defendant's documents to the other Defendants unless a particular Defendant requests copies of such documents.  The parties will present provisions governing Defendants' access, if any, to the confidential information of other Defendants, in a motion seeking entry of a Protective Order.

7. Additional Discovery Limitations.  In light of the size and complexity of this matter, the parties have worked in good faith to identify and agree to the foregoing discovery

limitations. Despite their best efforts, however, the parties recognize that they cannot predict how this matter will unfold so early in the case. Consequently, the parties expect that additional discovery or limitations on discovery may become necessary as the case proceeds, and nothing in this document should be construed to bar the parties, or any one of the parties, from seeking additional discovery, or additional limitations on discovery, at any point in this case as the realities of the case and the needs of the parties become clearer.

Respectfully submitted,

| | |
|---|---|
| COVINGTON & BURLING LLP | MCGUIRE WOODS LLP |
| ___/s/ Winslow Taub___ | ___/s/ Corby Anderson___ |
| *Attorneys for Plaintiff LendingTree, LLC* | *Attorneys for Plaintiff LendingTree, LLC* |
| PERKINS COIE LLP | FENWICK & WEST, LLP |
| ___/s/ Bobbie Wilson___ | ___/s/ Ryan Tyz___ |
| *Attorneys for Defendants QuinStreet, Inc. and QuinStreet Media, Inc.* | *Attorneys for Defendant Zillow, Inc.* |
| COOLEY, LLP | FENWICK & WEST, LLP |
| ___/s/ Christopher Campbell___ | ___/s/ Ryan Tyz___ |
| *Attorneys for Defendant NexTag, Inc.* | *Attorneys for Defendant Adchemy, Inc.* |
| BAKER BOTTS, LLP | |
| ___/s/ Doug Kubehl___ | |
| *Attorneys for Defendant LeadPoint, Inc.* | |

IT IS SO ORDERED.

Signed: January 26, 2011

Frank D. Whitney
United States District Judge