UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00439-W

| | |
|---|---|
| LENDINGTREE, LLC, a Delaware limited liability company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZILLOW, INC., a Washington corporation; )<br>NEXTAG, INC., a Delaware corporation; )<br>QUINSTREET, INC., a Delaware corporation; QUINSTREET MEDIA, INC., )<br>a Nevada corporation; and ADCHEMY, )<br>INC., a Delaware corporation; )<br>)<br>Defendants. )<br>) | ORDER<br>and<br>NOTICE OF HEARING |

THIS MATTER is before the Court upon the filing of "Defendants' Motion for Summary Judgment on Invalidity as to U.S. Patents 6,385,594 and 6,611,816" (Doc. No. 204), as well as the responsive pleadings thereto (Docs. Nos. 206, 208). Also before the Court is Defendants' Motion for Leave to File Excess Pages (Doc. No. 207).

Following the first portion of the claim construction hearing in this matter, defense counsel requested permission to file with the Court a motion that dealt with whether the patents at issue in this case constituted "patent-eligible subject matter," which counsel clarified differed from subject matter jurisdiction and likened to "personal jurisdiction." Counsel indicated that such a motion relied on precedent from the case of <u>Bilski v. Kappos</u>, __ U.S. __, 130 S.Ct. 3218 (2010) ("<u>Bilski II</u>"); concerned "personal jurisdiction" issues; and would be appropriate to resolve prior to discovery and prior to the time for the normal dispositive motions deadline. The Court stated it would permit such a filing and provided counsel with time limits, as well as word count limits, to govern the

motion and responses.

The motion is now ripe, and the Court has reviewed the filings. The Court finds that the motion does not in fact deal with personal jurisdiction, but it is instead a dispositive motion concerning issues of fact that need not be resolved prematurely. To explain, the Court understood the motion – as anticipated by counsel at the claim construction hearing – to concern recent Supreme Court precedent affecting this Court's jurisdiction. Defense counsel plainly stated, "It [the motion] is not subject matter jurisdiction. It's personal jurisdiction." Accordingly, the Court, without deciding Rule 12 waiver issues, indicated it was willing to entertain the motion in advance of discovery and outside of the normal briefing schedule and word limits for dispositive motions. The motion at bar, however, neither mentions personal jurisdiction nor relies on Rule 12 of the Federal Rules of Civil Procedure. Instead, the instant motion clearly seeks relief under Rule 56 standards for summary judgment and requests a ruling on patent invalidity. Quite simply, this is premature. The primary cases upon which Defendants rely do not suggest otherwise. Neither Bilski II nor the Dealertrack, Inc. v. Huber, 674 F.3d 1315, (C.A.Fed 2012), case indicate that such a ruling is necessary prior to resolving claim construction or in advance of the normal schedule for dispositive motions. In fact, the Dealertrack case addressed both claim construction and patent invalidity, thus indicating the appropriateness of resolving claim construction prior to or at least simultaneously with patent eligibility. For these reasons the Court strikes the motion and responsive pleadings. The Court will allow the parties to raise this issues at the appropriate time for summary judgment.

**IT IS THEREFORE ORDERED** that the Court hereby **STRIKES** Defendants' Motion for Summary Judgment (Doc. No. 204), the response thereto (Doc. No. 206), and the reply thereto (Doc. No. 208). Should the parties wish to raise those arguments at the appropriate time for summary judgment, they should rebrief them in accordance with this Court's standing orders governing word

limits. Put another way, the parties may not simply refer to and incorporate by reference these now-stricken pleadings in order to circumvent the word-count limit. Defendants' Motion for Leave to File Excess Pages (Doc. No. 207) is **DENIED AS MOOT**.

**FURTHER**, the parties should **TAKE NOTICE** that the Court will resume its hearing to address the remaining claim construction issues and that such hearing will take place before the undersigned at **2:00 p.m. on Wednesday, June 27, 2012**, in Courtroom #1 at the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina, 28202.

IT IS SO ORDERED.

Signed: June 4, 2012

Frank D. Whitney
United States District Judge