# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-00439-W

| | |
|---|---|
| LENDINGTREE, LLC, a Delaware limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| ZILLOW, INC., a Washington corporation; NEXTAG, INC., a Delaware corporation; QUINSTREET, INC., a Delaware corporation; QUINSTREET MEDIA, INC., a Nevada corporation; ADCHEMY, INC., a Delaware corporation; and LEADPOINT, INC. D/B/A SECURERIGHTS, a Delaware corporation, | )<br>)<br>)   ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER is before the Court pursuant to the parties' Claim Construction Briefs. The Court has previously entered an order on several terms, phrases and clauses (Doc. No. 186) following a hearing on April 12, 2012. That hearing was continued to August 9, 2012, when the Court received argument on the remaining claims. After reviewing the pleadings, exhibits thereto, and applicable law and after hearing oral argument by the parties, the Court issues this partial ruling on the remainder of the parties' claim construction briefs.

**I. Oral Ruling**

During the hearing, the Court entered an oral ruling on several of the terms, phrases, or clauses disputed by the parties. That ruling can be summarized as follows:

# CLAIM CONSTRUCTION CHART

| Term, Phrase, or Clause | Court's Construction |
|---|---|
| **"employing the selection criteria to filter the credit data"** ('816 Patent Claims 1, 7, 22) / **"applying the credit data to a filter comprising the plurality of selection criteria of the database"** ('594 Patent Claim 1) / **"applying the credit data to a filter comprising a plurality of selection criteria"** ('816 Patent Claim 18) | AGREED: "comparing the user's credit data to each of the plurality of the lending institution's selection criteria to determine whether the credit data satisfy the selection criteria" |
| **"automatically select one or more lending institutions"** ('816 Patent, Claims 1, 7, 22) | "after matching, and without manual intervention, choose, from among the matched lending institutions, one or more lending institutions to which to transmit credit data" |
| **"select without manual intervention each one of said plurality of lending institutions associated with a match of said credit data to said selection criteria"** ('594 Patent Claim 1) / **"automatically select each one of the financial institutions associated with a match of the credit data to the selection criteria"** ('816 Patent Claim 18) | "after matching, and without manual intervention, select all of the matched [lending/financial] institutions for transmission of credit data" |

| Term, Phrase, or Clause | Court's Construction |
|---|---|
| "**transmitting said electronic qualification form comprising said credit data to said plurality of lending institutions associated with a match of said credit data**" ('594 Patent, Claim 1) | "without manual intervention, transmitting said electronic qualification form comprising said credit data to every lending institution associated with a match of said credit data to said selection criteria" |
| "**transmitting the credit data to each of the selected lending institutions**" ('816 Patent, Claim 1) / "**transmitting the credit data to the selected ones of the financial institutions**" ('816 Patent, Claim 18) / "**forwarding the credit data to the selected one or more lending institutions**" ('816 Patent, Claim 22) | "without manual intervention, transmitting the credit data to every [lending/financial] institution selected" |

## II. Terms, Phrases, or Clauses Taken Under Advisement

The Court did not issue an oral ruling as to several terms, phrases and clauses.

## A. "Whereby" Clauses

Particularly, the Court took under advisement the construction of the following three clauses:

| Term, Phrase, or Clause |
|---|
| "**whereby the selected lending institutions compete with each other for business with the computer user**" ('816 Patent Claims 1, 22) |

| **Term, Phrase, or Clause** |
|---|
| /  **"whereby said lending institutions associated with a match of said credit data compete with each other for business with the Internet user"** ('594 Patent Claim 1) |
| **"whereby the selected lending institutions compete with each other for business with the computer user by electing to make offers to the computer user"** ('816 Patent, Claim 7) |

Plaintiff argues none of these terms are limiting and merely provide context to the operation of the claim invention. According to Plaintiff, no construction is necessary. Defendants, however, propose–in general–removing the "whereby" and construing the terms as limitations on the patent.

The standard applicable to the claim construction briefs before the Court is well-settled:

> The district court has the "power and obligation to construe as a matter of law the meaning of language used in the patent claim." Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed.Cir.1995), aff'd, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). As a starting point, a claim term is to be given the "ordinary and customary meaning" it would have had to a person of ordinary skill in the art at the time of the invention. Phillips v. AWH Corp., 415 F.3d 1303, 1312–13 (Fed.Cir.2005) (en banc ); see also Dow Chemical Co. v. Sumitomo Chem. Co., Ltd., 257 F.3d 1364, 1372 (Fed.Cir.2001). To determine that meaning, the court must first look to how the words of the claims themselves define the scope of the patented invention, and then look to "those sources available to the public that show what a person of skill in the art would have understood [the] disputed claim language to mean." Phillips, 415 F.3d at 1314; see also Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582–83 (Fed.Cir. 1996). The court must construe the entire claim, including any preamble, so long as it gives life and meaning to the invention claimed. See Pitney Bowes, Inc. v. Hewlett–Packard Co., 182 F.3d 1298, 1305 (Fed.Cir.1999).
>
> For some claim terms, the ordinary meaning may be readily apparent, and construction of those terms therefore "involves little more than the application of the

> widely accepted meaning of commonly understood words." Phillips, 415 F.3d at 1314. If technical terms are used, the court may also "consult scientific dictionaries and technical treaties at any time" because "technical terms often have an 'ordinary meaning' as understood by one of skill in the art, although these same terms may not be readily familiar to a judge, or may be familiar only in a different context." Dow Chemical, 257 F.3d at 1372. The meaning of a disputed claim term should be resolved primarily in light of the "intrinsic evidence of record, i.e., the patent itself, including the claims, its specification and, if in evidence, the prosecution history." Vitronics, 90 F.3d at 1582 (describing intrinsic evidence as "the most significant source of the legally operative meaning of disputed claim language"); see also Phillips, 415 F.3d at 1316 (holding that "[t]he construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction").

TecSec, Inc. v. IBM, Corp., 769 F.Supp.2d 997, 1003 (E.D.Va. 2011). The Court has applied these principles in the previous rulings on claim construction in this case and continues to do so here.

The issue with respect to these terms is whether or not the "whereby" clause provides a limitation on the claims such that the terms need to be construed by the Court. Several courts have considered this issue and repeatedly held that a "whereby" term is not limiting, so long as the clause states the result of following the patent process as set out in the claims. For example, in a recently-decided case out of the Western District of Virginia, the court declined to construe the "whereby" clause as an additional limitation on the claims because the "whereby" clauses stated the necessary results of the limitations already set forth in the claim. Titan Atlas Mfg. Inc. v. Sisk, 1:11CV00012, 2012 WL 2072861 (W.D.Va. June 8, 2012). The Court explained:

> A "whereby" clause that merely states the result of the limitations in the claim adds nothing to the patentability or substance of the claim." Tex. Instruments Inc. v. U.S. Int'l Trade Comm'n, 988 F.2d 1165, 1172 (Fed.Cir.1993) (concluding, in process claims, that the whereby clauses described "the result of arranging the components of the claims in the manner recited in the claims" and thus were not limitations). However, "when the 'whereby' clause states a condition that is material to patentability, it cannot be ignored in order to change the substance of the invention." Hoffer v. Microsoft Corp., 405 F.3d 1326, 1329 (Fed.Cir. 2005); see also Scheinman v. Zalkind, 27 C.C.P.A. 1354, 112 F.2d 1017, 1019 (C.C.P.A. 1940) (finding that whereby clause in structure claim were "structural in character and import[ed] into the count the structural features which both parties sought to produce.").

Titan Atlas Mfg. Inc., 2012 WL 2072861 at *6; see also Minton v. Nat'l Ass'n of Sec. Dealers, Inc., 336 F.3d 1373, 1381 (Fed. Cir. 2003) ("A whereby clause in a method claim is not given weight when it simply expresses the intended result of a process step positively recited.") (citing Tex. Instruments Inc., 988 F.2d at 1172). Thus, if a whereby clause adds nothing to the claims and simply characterizes the intended result of the executing steps, it need not be construed by the court. See Minton, 336 F.3d at 1381.

With these principles in mind, the parties disagree as to whether having lenders "compete with each other for business," as those terms are used in the whereby clauses at issue here (hereinafter, "'lenders compete' clauses"), adds substance to the claims or, instead, expresses the intended result of the already-stated steps in the method process. Defendants contend these "lenders compete" clauses add a substantive requirement because the other limitations generally describe the matching and selection process, whereas the "lenders compete" clauses describe what the lenders do afterwards. Plaintiff submits that the specification confirms that "competition" is not a material element of the claims, but that the claims define a method that *facilitates* competition among lenders. Put another way, Plaintiff argues that while the claims do not *require* competition among lenders, lender competition is the *intended result* of practicing the claimed method.

The Court disagrees with Plaintiff. To conclude that lender competition is merely an *intended result* would mean the claimed process does not necessarily capture the lender stage of the method. The "lenders compete" clauses state an important component of the claimed process–some action by the lending institution to the computer user–that is material to patentability. Quite simply, because lender *competition* is not otherwise positively recited in the process steps, the Court cannot conclude that whereby clause adds nothing to the claims or simply characterizes the intended result

of the executing steps. See Minton, 336 F.3d at 1381. For example, the claimed process alone can lead to various results other than competition such as instances were none or only one of the selected lenders makes an offer to extend credit. The "lenders compete" clauses (as a larger part of the whereby clauses at issue here) are not mere surplusage to be ignored and instead must be construed by the Court.

Proceeding with their construction, the Court agrees in large part with Defendants' proposed construction with some modification. Defendants propose a construction requiring the selected lending institutions to "directly" compete. No support for such a construction is apparent in the patents here. Instead, the Court finds that the claimed process requires "simultaneous" competition. Accordingly, the Court defines the phrases as follows:

| Term, Phrase, or Clause | Court's Construction |
|---|---|
| **"whereby the selected lending institutions compete with each other for business with the computer user"** ('816 Patent Claims 1, 22) / **"whereby said lending institutions associated with a match of said credit data compete with each other for business with the Internet user"** ('594 Patent Claim 1) | "the selected lending institutions simultaneously compete by providing offers for credit to the computer user via the [computer network ('816 patent)/Internet ('594 patent)]" |
| **"whereby the selected lending institutions compete with each other for business with the computer user by electing to make offers to the computer user"** ('816 Patent, Claim 7) | the selected lending institutions simultaneously compete by electing to make offers for credit and by providing offers for credit to the computer user via the computer network |

B. "Determining an Appropriate Transfer Method"

Following the hearing, the Court also deferred ruling and took under advisement the construction of the following phrase:

| Term, Phrase, or Clause |
|---|
| **"determining an appropriate transfer method"** ('816 Patent Claims 2, 7, 23; '594 Patent Claim 1) |

Plaintiff's proposed construction states "determining a transfer method that is compatible with the lending institution," while Defendants contend this term is indefinite. The Court declines to, for purposes of this claim construction ruling *only*, conclude this phrase is indefinite. This determination, however, is without prejudice to Defendants to re-raise the definiteness issue at summary judgment. In light of the intrinsic evidence, the Court concludes this phrase should be construed as "determining which of the four transfer methods is compatible and will be used with the lending institution."

The parties are hereby DIRECTED to prepare and submit an Amended Pretrial Order and Case Management Plan in accordance with the NCWD Local Patent Rules.

IT IS SO ORDERED.

Signed: October 3, 2012

Frank D. Whitney
United States District Judge