# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-439-FDW-DCK

| | |
|---|---|
| LENDINGTREE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ZILLOW, INC., NEXTAG, INC., ) | |
| QUINSTREET, INC., QUINSTREET MEDIA, ) | |
| INC., ADCHEMY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Zillow, Inc. And Adchemy, Inc.'s Motion To Strike" (Document No. 226) and "LendingTree, LLC's Motion For Leave To Rely On Its Currently Filed Memorandum Of Law..." (Document No. 227) filed October 25, 2012. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, and in the interests of judicial economy and efficient case management, the undersigned will <u>deny</u> in part and <u>grant</u> in part Defendants' motion to strike, and <u>grant</u> Plaintiff's motion for leave.

By their instant motion, Defendants Zillow and Adchemy request that the Court strike Plaintiff's "Memorandum Of Law Supporting LendingTree, LLC's Motion To Compel Discovery ..." (Document No. 224-1). (Document No. 226). Defendants assert that Plaintiff's memorandum exceeds the word limit, lacks a certificate of compliance with the word limit, and that Plaintiff never sought leave to exceed the word limit. <u>Id.</u> In the alternative, Defendants request that they be allowed an extension of the word limit, and additional time, to respond to "LendingTree's Motion To Compel Discovery..." (Document No. 224).

Plaintiff's "...Motion For Leave To Rely On Its Currently Filed Memorandum..." (Document No. 227) was filed the same day as Defendant's motion to strike. Plaintiff's motion essentially requests that the motion to strike be denied, or that Plaintiff be allowed to file two substitute motions to compel. (Document No. 227). Plaintiff's motion apologizes to the Court for its error in filing a brief that exceeded the Court's word limit. Id. Plaintiff further suggests that the existing memorandum is more efficient than filing separate memoranda against each Defendant. Id.

As Plaintiff now seems to acknowledge, the current dispute was avoidable if it had sought leave to file additional pages. However, the undersigned also believes that this matter could have been amicably resolved by a joint motion, rather than the instant cross motions.

**IT IS, THEREFORE, ORDERED** that "Defendants Zillow, Inc. And Adchemy, Inc.'s Motion To Strike" (Document No. 226) is **GRANTED** in part and **DENIED** in part; the Court will deny the motion to strike, but will allow the alternative request for relief. As such, Defendants shall file a response to "LendingTree's Motion To Compel Discovery..." (Document No. 224), not to exceed 5,000 words, on or before **November 13, 2012**.

**IT IS FURTHER ORDERED** that "LendingTree, LLC's Motion For Leave To Rely On Its Currently Filed Memorandum Of Law..." (Document No. 227) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' further failure to abide by the Federal Rules of Civil Procedure or the rules and orders of this Court, including the requirement to make good faith efforts to resolve disputes without Court intervention, will likely lead to sanctions. See Local Rule 7.1(B).

**SO ORDERED**.

Signed: October 29, 2012

David C. Keesler
United States Magistrate Judge