IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-439-FDW-DCK

| | | |
|---|---|---|
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ZILLOW, INC., NEXTAG, INC., and ADCHEMY, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "LendingTree's Motion To Compel Discovery From Zillow, Inc. And Adchemy, Inc." (Document No. 224). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion in part, and <u>deny</u> the motion in part.

## I. BACKGROUND

Plaintiff LendingTree, LLC ("Plaintiff") filed its "…Motion To Compel Discovery From Zillow, Inc. And Adchemy, Inc." (Document No. 224) on October 17, 2012. "Defendants Adchemy And Zillow's Opposition To Plaintiff LendingTree's Motion To Compel" (Document No. 230) was filed November 13, 2012. On November 26, 2012, "LendingTree, LLC's Reply In Support Of Its Motion to Compel Discovery" (Document No. 233) was filed with the Court. As such, the instant motion to compel is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).

### III. DISCUSSION

Plaintiff requests that the Court compel Defendants Adchemy, Inc. ("Adchemy") and Zillow, Inc. ("Zillow") (collectively, "Defendants") to provide or confirm complete responses to

Plaintiff's Request for Production ("RFP") Nos. 1 and 3-28, and Interrogatory Nos. 3-9 (to Adchemy) and 3-10 (to Zillow), pursuant to Fed.R.Civ.P. 37(a). (Document No. 224, p.2). The undersigned's review of the requested discovery follows.

A. **Requests For Production**

**1. RFP Nos. 1, 3, 11, 12, 15, and 18-20 to Adchemy**.

Plaintiff contends that these requests related to the LendingTree patents, defined as the '594 and '816 patents. (Document No. 224-1, p.6). LendingTree asserts that "the two patents share a common disclosure, common exchanges with the Patent Office, common inventors, and a common date of invention." Id. However, Plaintiff contends that Defendant Adchemy "refuses to produce, or confirm that it has produced, all requested materials concerning the '594 patent 'because it includes a patent not asserted against Adchemy in this action.'" Id.

In opposition to the Plaintiff's motion to compel, Adchemy denies that it has withheld any documents based on "its objection to the definition of Lending Tree Patents." (Document No. 230, p.16). Adchemy contends that it has "employed numerous search terms – which were proposed by plaintiff's prior counsel – to locate documents related to *both* the LendingTree patents." (Document No. 230, pp.16-17). Specifically, Adchemy asserts that its search terms included the following: LendingTree; 6,111,816; 6,385,594; Lebda; Steigler; patent; 594 w/ 10 patent; 816 w/ 10 patent. (Document No. 230, p.17). Adchemy concludes that these terms would have captured "the documents, to the extent any exist, responsive to each of requests referenced in plaintiff's motion" and that there is nothing further to compel here. Id.

As such, it appears that Defendant Adchemy has confirmed that it did not limit its response to these RFPs as alleged by Plaintiff. Therefore, it does not appear that there is any further discovery to be compelled as to these RFPs and Adchemy.

3

**2. RFP Nos. 10, 14, 16-21, and 26-28**.

Next, Plaintiff contends that

> Defendants refused to produce documents under the full scope of LendingTree's definitions of *Accused Product* and *Accused Technology* in response to each of the RFPs listed above. Those definitions are:
>
>> "Accused Product" means any computer device, product, system, or service used, publicly disclosed, or otherwise commercialized by you in the United States, from September 8, 2004, to the present, that matches or otherwise associates prospective borrowers with one or more lenders via the Internet, including the systems and services accessed through the website www.ratemarketplace.com.
>>
>> "Accused Technology" means any computer device, product, system, or service used, publicly disclosed, or otherwise commercialized by any defendant or third party in the United States, from September 8, 2004, to now, that matches or otherwise associates prospective Borrowers with one or more Lenders via the Internet, including the Accused Product and the technology disclosed in the LendingTree Patents.
>
> Defendants explicitly limit their discovery responses to products named in LendingTree's P.R. 3.1 Infringement Contentions.

(Document No. 224-1, p.6).

Defendants argue that "the definition of 'Accused Products' applicable to plaintiff's discovery was already raised by and resolved with plaintiff's prior counsel without Court intervention, and plaintiff's attempt to re-raise it here with the Court is inappropriate." (Document No. 230, p.13). According to Defendants, the parties already defined "Accused Products" as "all products identified in plaintiff's infringement contentions and those that operate similar." Id. See also (Document No. 230, pp.8-9) (citing Document No. 230-4). Defendants' response does not address the term "Accused Technology."

4

Defendants attach a March 21, 2011 letter from Alexa Hansen summarizing a Meet and Confer held on March 17, 2011. (Document No. 230-4). Although the docket does not indicate she ever filed a Notice Of Appearance, there seems to be no dispute that Ms. Hansen previously represented Plaintiff in this matter. See (Document No. 224-34, "Declaration Of Alexa R. Hansen…"). Defendants contend that "Plaintiff's newly proposed definition is contrary to the parties' agreement and the law." (Document No. 230, p.14).

Defendants contend that the parties conferred extensively in March and April 2011 to negotiate discovery search terms, pursuant to the "Joint Agreement On Discovery" (Document No. 77) which was filed on January 26, 2011. (Document No. 230, pp.6-8). The "Joint Agreement On Discovery" (Document No. 77) ("Discovery Agreement") states that the parties "agree to meet and confer in good faith to develop a list of relevant keywords, search strings or other search methodologies to use for the purposes of searching and identifying reasonably accessible ESI." (Document No. 77, p.2). The Discovery Agreement also provides that "[i]f after conferring in good faith, the parties cannot agree on the terms of email discovery, then they agree to jointly present their alternative positions to the Court in simultaneous submissions limited to 5 pages for each party." (Document No. 77, p.3). Finally, the Discovery Agreement recognized that "additional discovery or limitations on discovery may become necessary as the case proceeds, and nothing in this document should be construed to bar the parties . . . from seeking additional discovery, or additional limitations on discovery…." (Document No. 77, p.7).

Based on the foregoing, it appears that the parties had at least reached an agreement, consistent with the provision of the Discovery Agreement, on the proper use of the term "Accused Product," if not both terms subject to these RFPs, as well as on other relevant terms. (Document No. 230-4). Furthermore, Plaintiff does not assert that the parties have subsequently

agreed on new definitions of "Accused Product" or "Accused Technology," or that it has conferred with Defendants regarding the use of these terms, in a manner consistent with the provisions of the Discovery Agreement.

The undersigned will therefore deny without prejudice Plaintiff's motion to compel further responses to RFP Nos. 10, 14, 16-21, and 26-28, "under the full scope of LendingTree's definitions." In short, the undersigned is not persuaded that Plaintiff satisfied the requirements of the parties' Discovery Agreement before demanding this particular discovery, pursuant to its revised definition(s). However, Defendants shall provide the requested information based on the parties' previously agreed upon definition of Accused Products, and confirm with Plaintiff in writing that they have fully complied with these discovery requests, on or before **March 8, 2013**.

The undersigned notes that Plaintiff's "…Reply…" (Document No. 233) suggests that the parties made a limited effort to resolve their discovery disputes in or about October 2012, but soon abandoned those attempts in favor of the Court's intervention.

**3. RFP No. 3**.

Plaintiff states that by this RFP it "seeks materials relating to comparisons of the Accused Products to other products or the Asserted Patents." (Document No. 224-1, p.7).

Defendants do not appear to directly respond to this section of the motion to compel. (Document No. 230). Although both Defendants objected to RFP No. 3, it is unclear what, if any, materials they have provided to Plaintiff that are responsive to this request. (Document Nos. 224-4, 224-13). Defendants shall, therefore, supplement their responses if necessary and confirm in writing to Plaintiff whether their responses to RFP No. 3 are complete, on or before **March 1, 2013**.

**4. RFP No. 4 to Adchemy**.

By this RFP, Plaintiff "seeks documents sufficient to show Adchemy's corporate structure." (Document No. 224-1, p.7).

Defendants' response unequivocally states that Adchemy has produced such documents, and there is nothing else to compel. (Document No. 230, p.17).

At this time, the undersigned finds no reason to compel further action by Adchemy related to RFP No. 4.

**5. RFP No. 5**.

Plaintiff contends that Defendants have not been forthcoming with the information about how their products work sought by RFP 5, including "all documents relating to design, development, and operation of each version of the Accused Products and related websites." (Document No. 224-1, p.12). Plaintiff further contends that Adchemy refused to allow Plaintiff access to its "wiki" via a Virtual Private Network ("VPN"), from outside its lawyers' offices. (Document No. 224-1, pp.12-13). Plaintiff argues that "[v]erification of how Adchemy's product works is especially important in this case because Adchemy is affirmatively misrepresenting in written discovery how its product operates." (Document No. 224-1, p.13).

Defendants respond that they "have produced documents related to the design, development and operation of the Accused Products, and that they have complied with the local patent rules requirement "to produce materials to show the operation of the accused products." (Document No. 230, p.17).

Defendants assert that "plaintiff wrongly claims they have not produced all versions of the source code." Id. Defendants then argue that it is "unreasonably burdensome . . . to produce every release of source code, which for example, for Adchemy occurs every two weeks…."

(Document No. 230, p.18). Apparently, Defendants have offered to "attempt to identify every significant version," but it is unclear what Plaintiff's response has been.

Despite their somewhat contradictory response, it appears undisputed that Defendants have not produced *all versions* of their source code. At this time, the undersigned will decline to compel Defendants to do so; however, Defendants shall confirm with Plaintiff what versions have been provided, and confer regarding whether additional "significant" versions should be provided, on or before **March 8, 2013**. The undersigned is not persuaded that it is necessary for Defendants to provide all versions of their source code.

In addition, Defendants contend that Adchemy's "highly confidential internal Wiki . . . resides on an internal Adchemy server, and it cannot give counsel for one of its main competitors unfettered access to that network." (Document No. 230, p.18). Defendants assert the "Adchemy Wiki is properly made available for inspection at its outside counsel's offices . . . a mere eight miles away from plaintiff's counsel's office." Id. The undersigned is not persuaded that access to "Adchemy Wiki," above and beyond that offered, is necessary.

**6. RFP No. 6**.

Next, Plaintiff seeks to compel "documents relating to advertising, marketing, and promotion of the Accused Products." (Document No. 224-1, p.13). Plaintiff asserts that Adchemy has "produced none of these requested materials," and that Zillow has "produced no promotional materials directed toward lenders." Id.

It does not appear that Defendants' "…Opposition to Plaintiff LendingTree's Motion To Compel" (Document No. 230) addresses this item in the pending motion. As such, the undersigned directs Defendants to either confirm with Plaintiff in writing that they have fully complied with RFP No. 6, or provide the requested information, on or before **March 8, 2013**.

Until otherwise ordered, or otherwise agreed by the parties, Defendant's discovery responses should be based on the parties' previously agreed upon definition of Accused Products. See (Document No. 230-4).

   **7. RFP No. 8**.

Plaintiff contends that Defendants agreed to produce responsive documents, reflecting why customers would use or buy the Accused Products, but to date have not done so. (Document No. 224-1, p.14).

Again, it appears that Defendants have declined to specifically respond to Plaintiff's motion on this issue. As such, the undersigned directs Defendants to either confirm with Plaintiff in writing that they have fully complied with RFP No. 8, or provide the requested information, on or before **March 8, 2013**. Until otherwise ordered, or otherwise agreed by the parties, Defendant's discovery responses should be based on the parties' previously agreed upon definition of Accused Products. See (Document No. 230-4).

   **8. RFP No. 9**.

Plaintiff motion suggests that Defendants' responses to this RFP have also been incomplete to date. (Document No. 224-1, p.14).

Defendants "…Opposition…" fails to adequately address this request, and the Court is thus without sufficient knowledge of Defendants' position as to RFP No. 9. As such, the undersigned directs Defendants to either confirm with Plaintiff in writing that they have fully complied with RFP No. 9, or provide the requested information, on or before **March 8, 2013**. Until otherwise ordered, or otherwise agreed by the parties, Defendant's discovery responses should be based on the parties' previously agreed upon definition of Accused Products. See (Document No. 230-4).

**9. RFP Nos. 7, 16, 19, 25, 26 and 28**.

Here, Plaintiff seems to suggest that Defendants' responses regarding certain financial documents has thus far been incomplete, although the motion offers almost no explanation. (Document No. 224-1, p.15).

Defendants contend that Adchemy has produced an agreed upon summary financial report, "and Zillow intends to generate one." (Document No. 230, p.16). Moreover, Defendants "have offered in good faith to work with plaintiff to further supplement the reports as necessary." Id.

Based on the foregoing, Zillow shall provide its summary financial report, and all parties shall confer regarding the necessity of further supplementation, on or before **March 8, 2013**.

**B. <u>Interrogatories</u>**

Plaintiff also seeks to compel complete responses to Interrogatory Nos. 3-9 (to Adchemy) and 3-10 (to Zillow). (Document No. 224-1, pp. 5, 15-16). Plaintiff acknowledges that a "plausible objection" to at least some of these interrogatories "was that the Court had not yet issued its order on claim construction." (Document No. 224-1, pp.15-16).

In response to the instant motion to compel, Defendants assert that they "have answered and agreed to supplement their respective answers to the interrogatories referenced in plaintiff's motion." (Document No. 230, p.19). Specifically, Defendants have "agreed to supplement their answer by describing the differences between how plaintiff contends the products operate and how they actually operate . . . as well as to other contention interrogatories in plaintiff's motion, now that the Court has construed all of the claims and plaintiff has served amended infringement contentions." Id.

Based on the parties' briefs, the undersigned directs Defendants to supplement their responses to Plaintiff's Interrogatories, as agreed. To the extent necessary, the parties shall confer and attempt to resolve any remaining disputes without Court intervention.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "LendingTree's Motion To Compel Discovery From Zillow, Inc. And Adchemy, Inc." (Document No. 224) is **GRANTED in part** and **DENIED in part**, as more fully described herein.

**IT IS FURTHER ORDERED** that neither Plaintiff nor Defendants will be awarded fees or expenses related to the instant motion.

**SO ORDERED**.

Signed: February 6, 2013

David C. Keesler
United States Magistrate Judge