UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00439-FDW-DCK

| | |
|---|---|
| **LENDINGTREE, LLC, a Delaware limited liability company,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**ZILLOW, INC., a Washington corporation;**<br>**NEXTAG, INC., a Delaware corporation;**<br>**And ADCHEMY, INC., a Delaware corporation;** )<br>)<br>)<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 345). Plaintiff filed the instant motion after this Court denied its appeal of the Magistrate Judge's order granting Defendant NexTag's Motion to Compel and ordering Plaintiff to produce certain documents no later than August 23, 2013.[1] (See Doc. No. 342.) The gravamen of Plaintiff's request for reconsideration is that Plaintiff needs more time to comply with the Magistrate Judge's order. (Doc. No. 345.) For the reasons below, the Court DENIES Plaintiff's motion.

It is well-settled that:

> A federal district court has the inherent power to impose monetary sanctions on attorneys who fail to comply with discovery orders. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); cf. White v. Raymark Industries, Inc., 783 F.2d 1175 (4th Cir.1986) (courts have the inherent

---

[1] The Court notes that Plaintiff filed its appeal the day before the deadline for compliance under the Magistrate Judge's order. (Doc. No. 339.) Plaintiff requested expedited consideration of its appeal, and the Court promptly considered the appeal and entered an order denying it the next day. (Doc. No. 342.)

1

power to sanction those who abuse the judicial process); Eash v. Riggins Trucking Inc., 757 F.2d 557 (3rd Cir.1985) (courts have the inherent power to sanction attorneys with monetary penalties); Miranda v. Southern Pacific Transportation Co., 710 F.2d 516 (9th Cir.1983) (imposing monetary sanctions on attorneys is proper under the court's inherent power). Such sanctions are not only to penalize the attorney, but are also necessary to deter similar conduct in the pending case and in other litigation. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

In re Howe, 800 F.2d 1251, 1252 (4th Cir. 1986). In addition:

> Federal Rule of Civil Procedure 37 permits the district court to enter orders compelling discovery and to impose an array of sanctions for the failure to comply with such orders. Section (d) also permits the court to impose sanctions without any intervening order, whenever there is a failure of discovery. Any use of Rule 37 sanctions must rest in the sound discretion of the district court, as the court must have the ability to manage the cases pending before it. Extensions and delay in providing discovery are a constant problem and all sanctions provided for by Rule 37 must be available. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (dismissal must be available both to sanction the parties before the court and to deter others from abusing the discovery process).
>
> Nevertheless, in considering what sanctions are appropriate, the court must focus on determining a sanction that fits the case at hand, considering the potential harm to the party seeking discovery and the conduct of the nonproducing party.

Taylor v. Specialty Mktg., Inc., 985 F.2d 553 *2 (4th Cir. 1993)(unpublished).

The Magistrate Judge's order entered August 8, 2013, resolved a discovery dispute dating back to at least November of last year (see Doc. No. 342) over "RFP 5." Plaintiff now contends it needs forty-four (44) days, at a minimum, to comply with the Magistrate Judge's order. Frankly, the Court is perplexed why Plaintiff has not prepared itself to timely comply with a potentially unfavorable ruling on this discovery dispute dating back at least ten months ago. The Court notes that because of the ongoing discovery dispute involving Plaintiff and Defendant NexTag, the Court has already extended the deadlines for mediation and the filing of dispositive and Daubert motions. (Doc. No. 336). The Court is simply unwilling to delay this case any further.

Accordingly, Plaintiff shall have until 12:00 pm on Friday, August 30, 2013, to fully comply with the Magistrate Judge's order on NexTag's motion to compel. Failure to do so will result in a fine of **$5,000.00 per day** until Plaintiff complies, and such fine shall be paid by Plaintiff's attorneys to NexTag and may **not** be offset by Plaintiff Lendingtree. The Court imposes this fine to coerce Plaintiff's counsel's to comply with the Court's orders, and the fine is conditioned on non-compliance with the Court's prior orders.[2]

The Court finds such sanction for failure to comply with this Court's order to be reasonable and "fit[] the case at hand," particularly in light of the attorneys' fees being charged by Plaintiff's counsel to perpetuate this dispute and the attorneys' fees incurred by NexTag in response. Taylor, 985 F.2d 553 at *2; see also Int'l Bus. Machines Corp. v. United States, 493 F.2d 112, 116 (2d Cir. 1973) ("While $150,000 a day is a substantial sum, in reference to IBM's financial resources and the consequent seriousness of the burden to IBM, the sum represents only 5 per cent of any given day's earnings."). Plaintiff's counsel includes some of the most premiere firms across the country, with counsel appearing from New York City, Palo Alto, San Francisco, San Diego, Los Angeles and Charlotte. A modest fine against these attorneys would not accomplish the goal of the Court today in ensuring compliance with the Court's discovery orders.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (Doc. No. 345) is DENIED except as set forth herein allowing Plaintiff until noon on Friday, August 30,

---

[2] "When the nature of the relief and the purpose for which the contempt sanction is imposed is remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained, the contempt is civil; if, on the other hand, the relief seeks to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct, the contempt is criminal." Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 133 (4th Cir. 1990) (citing United States v. United Mine Workers, 330 U.S. 258, 302-04, 67 S.Ct. 677, 700-02, 91 L.Ed. 884 (1947); 3 C. Wright, Federal Practice & Procedure: Criminal 2d § 704, at 823-24 (1982)).

3

2013, to comply with the order on NexTag's motion to compel.

    IT IS SO ORDERED.

Signed: August 27, 2013

Frank D. Whitney
Chief United States District Judge