# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-439-FDW-DCK

| | |
|---|---|
| LENDINGTREE, LLC,<br><br>               Plaintiff,<br>   v.<br><br>ZILLOW, INC., NEXTAG, INC., and ADCHEMY, INC.,<br><br>               Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Defendant NexTag's "…Motion For Attorneys' Fees And Costs" (Document No. 348). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion, with modification.

The Court issued an "Order" (Document No. 336) on August 8, 2013, granting "Defendant NexTag, Inc.'s Motion To Compel Discovery Against Plaintiff LendingTree, Inc., LLC" (Document No. 325). The Court's "Order" (Document No. 336) specifically stated that

> pursuant to Fed.R.Civ.P. 37(a)(5)(A) [the Court] will require LendingTree to reimburse NexTag for its reasonable fees and expenses associated with filing Document Nos. 325 and 327. The parties are encouraged to resolve the matter of reasonable fees and expenses without further Court intervention; however, if they are unable to do so, NexTag may file an appropriate motion for attorney's fees, along with a supporting affidavit, on or before **August 30, 2013**.

(Document No. 336, p.7).

It appears that the parties have been unable to resolve the matter of "reasonable fees and expenses associated with filing Document Nos. 325 and 327," and thus Defendant NexTag filed the pending "…Motion for Attorney's Fees And Costs" on August 30, 2013. Defendant's motion indicates that it now seeks the fees and costs it incurred "to pursue the discovery issues in the Motion," specifically, $240,489.43. (Document No. 348-1,pp.6-7). Defendant bases this request on what it alleges to be "its ten-month long diligent efforts" to pursue discovery which resulted in expenses of "approximately $24,000 per month." (Document No. 348-1, p.2).

The undersigned finds that Defendant NexTag overestimates the relief awarded by the Court. As noted above, the Court specifically awarded Defendant its "**reasonable fees and expenses associated with filing Document Nos. 325 and 327**," not its expenses associated with ten (10) months of pursuing discovery. (Document No. 336, p.7) (emphasis added). The award allowed by the Court was not an attempt to comprehensively "compensate for NexTag's efforts to pursue its discovery against LendingTree;" rather, it was an award for NexTag's costs and fees associated with preparing and filing two (2) specific documents, Document Nos. 325 and 327. See (Document No. 336; Document No. 348-1, p.7).

After careful review of the record and the parties' arguments, with particular attention to Defendant NexTag's "Affidavit Of Attorneys' Fees" (Document No. 348-2), the undersigned finds that Plaintiff's proposed award of $28,044.23, is a more accurate reflection of NexTag's reasonable fees and expenses associated with filing Document Nos. 325 and 327. See (Document Nos. 348-1, 379, and 382).

2

**IT IS, THEREFORE, ORDERED** that the "…Motion For Attorneys' Fees And Costs" (Document No. 348) is **GRANTED, with modification**. Plaintiff LendingTree, LLC shall reimburse Defendant NexTag, Inc. for its fees and expenses associated with filing Document Nos. 325 and 327 in the amount of **$28,044.23**, on or before **October 15, 2013**.

**SO ORDERED**.

Signed: September 30, 2013

David C. Keesler
United States Magistrate Judge